# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, #K-81482, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL NO. 10-cv-689-JPG |
| SEAN FURLOW, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. After reviewing the complaint, this Court is convinced that certain claims contained within are subject to severance, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and this Court will reserve threshold review of the remaining claims pending the disposition of the severed claims.

**Facts:**

In March of 2010, while working in the prison's dietary department, Plaintiff was told by Defendant Peters that he should not return to work the next day with braids in his hair. When Plaintiff argued that it was his right to express himself, Defendant Peters told Plaintiff that he doesn't have rights in prison. Plaintiff and Defendant Peters continued to argue until Defendant Turley came into the room. Defendant Turley handcuffed Plaintiff then escorted him to segregation, smacking Plaintiff in the back of the head before putting Plaintiff in his cell.

The next morning Defendant Taylor came to Plaintiff's cell and began making threats against Plaintiff relating to Plaintiff's sexual orientation. Defendant Taylor then refused to provide Plaintiff

1

with lunch, and continued this denial of food for two days.

Sometime thereafter Plaintiff was taken to an adjustment committee hearing, where he was asked by Defendant Unknown assistant warden of programs (AWP) why he was claiming that his rights were violated. Defendant Unknown AWP then told Plaintiff that he does not have any rights in prison. Defendants Unknown adjustment committee members (ACM) then informed Plaintiff that he was charged with dangerous communication, threats and intimidations, insolence, and disobeying a direct order. Defendants Unknown AWP and Unknown ACM found Plaintiff guilty and sent him to segregation.

At some unspecified time Plaintiff requested that Defendant Love change Plaintiff's religious status because the incorrect status had been listed. This request was denied, allegedly because of Plaintiff's sexual orientation. Plaintiff also made this request of Defendant Sutton, and it was also denied. Plaintiff further requested that Defendant Sutton change Plaintiff's dietary restrictions to an all-vegetable diet, but this request was also refused.

Again at an unspecified time or times Defendant Schwartzlander began harassing Plaintiff because of his sexual orientation, following Plaintiff and verbally harassing Plaintiff about the braids Plaintiff wore in his hair.

Defendant Mathis attempted to punish Plaintiff by having other inmates attack him based on his sexual orientation. Defendant Mathis then told Plaintiff that he did not have a right to be openly gay in prison.

At some other unspecified time while Plaintiff was working as a laundry porter, he asked Defendant Chapman to schedule him off on his Sabbath, which ran from sundown on Fridays to sundown on Saturdays. Defendant Chapman told Plaintiff that if he took Sabbath off he would receive a disciplinary ticket, segregation, and would lose his job. Plaintiff made this same request

2

of Defendant Flag, who also refused to give Plaintiff the time off. Plaintiff then spit on the wall in anger and told the inmates around him that they do have rights in prison regardless of what the guards think. Defendant Sager witnessed this outburst, and wrote Plaintiff a disciplinary ticket for telling other inmates that "they don't have to listen to what the guards say". Plaintiff was then sent to an adjustment committee hearing where he was sent to segregation for three months.

At some unspecified time Defendant Fallert threw away four of Plaintiff's grievances regarding actions taking place in the prison.

Again at an unspecified time or times Defendants Walker, Matthews, and Shaw began harassing and threatening Plaintiff about his sexual orientation and the braids Plaintiff wore in his hair. Defendant Phillips also harassed Plaintiff, and attempted to get other inmates to attack Plaintiff because of his sexual orientation. Defendants Unknown second shift correctional officers (SCO) also attempted to get other inmates to attack Plaintiff for his sexual orientation, and also withheld Plaintiff's mail.

At some unspecified time Plaintiff complained to Defendant Furlow about the actions of the other named Defendants, namely that his mail had been stolen, that he was being threatened, and that guards were attempting to have Plaintiff attacked. Plaintiff remarked that these actions amount to prejudice and made vulgar remarks about those responsible. Defendant Furlow then wrote Plaintiff a disciplinary ticket for the vulgar remarks, stating that Plaintiff was insolent and was making threats and intimidations. Plaintiff was sent to another adjustment committee hearing, where Defendants Klindworth and Myers lowered the charges to simple insolence, but still sent Plaintiff to segregation.

Defendant Davis was aware of the actions of the adjustment committees and Plaintiff's trips to segregation, but failed to intervene.

3

**Severance of Claims:**

The joinder of Defendants Peters, Unknown AWP, Unknown ACM, and Turley appears to be proper under Rule 20(a)(2) which provides:

> [A]ny right to relief is asserted against [defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action.

But the claims against Defendants Taylor, Love, Sutton, Schwartzlander, Mathis, Chapman, Flag, Sager, Fallert, Walker, Matthews, Shaw, Phillips, Unknown SCO, Furlow, Klindworth, Myers, and Davis do not appear to arise from the same transaction, occurrence, or series of transactions or occurrences as the claims against Defendants Peters, Unknown AWP, Unknown ACM, and Turley. The Seventh Circuit recently confirmed that separate, unrelated claims belong in different suits. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). On review of the complaint, the claims against Defendants Taylor, Love, Sutton, Schwartzlander, Mathis, Chapman, Flag, Sager, Fallert, Walker, Matthews, Shaw, Phillips, Unknown SCO, Furlow, Klindworth, Myers, and Davis are *not* sufficiently related to the claims against Defendants Peters, Unknown AWP, Unknown ACM, and Turley to allow them to proceed together in one lawsuit.

Plaintiff is **ADVISED that the Court is inclined to sever the claims against Defendants Taylor, Love, Sutton, Schwartzlander, Mathis, Chapman, Flag, Sager, Fallert, Walker, Matthews, Shaw, Phillips, Unknown SCO, Furlow, Klindworth, Myers, and Davis.** If these claims are severed, they would be removed from this case and opened in new cases. A new case number would be assigned for each related claim and multiple new filing fees would be assessed. Because the imposition of multiple new filing fees may impose a financial burden on him, Plaintiff is **FURTHER ADVISED** that he may avoid severance (and the imposition of a second filing fee)

by filing a **motion to voluntarily dismiss Defendants Taylor, Love, Sutton, Schwartzlander, Mathis, Chapman, Flag, Sager, Fallert, Walker, Matthews, Shaw, Phillips, Unknown SCO, Furlow, Klindworth, Myers, and Davis without prejudice** within forty-five days of the date of this order. Before filing that motion, Plaintiff shall consider whether he could re-file the dismissed claims without running afoul of the applicable statute of limitations.

**Administrative Matters:**

Defendant Sager is listed in various places throughout Plaintiff's complaint and in Plaintiff's written caption, but through inadvertent error has not been listed on the Court's docket sheet. The Clerk of Court is instructed to add Defendant Sager to the docket sheet so as to accurately reflect those Defendants listed in Plaintiff's complaint.

**Disposition:**

**IT IS HEREBY ORDERED** that this Court reserves ruling on the initial review of the claims against Defendants Peters, Unknown AWP, Unknown ACM, and Turley pending the disposition of the claims against Defendants Taylor, Love, Sutton, Schwartzlander, Mathis, Chapman, Flag, Sager, Fallert, Walker, Matthews, Shaw, Phillips, Unknown SCO, Furlow, Klindworth, Myers, and Davis.

**IT IS SO ORDERED.**

**DATED: February 28, 2011**

*s/J. Phil Gilbert*
**United States District Judge**