## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WILLIAM O. SPIVEY, #K-81482** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 11-cv-329-JPG** |
| | ) | |
| **LT. CHAPMAN, WARDEN FLAG, and** | ) | |
| **SAGER,** | ) | |
| | ) | |
| **Defendants.** | | |

## MEMORANDUM AND ORDER

**GILBERT  District Judge:**

Plaintiff, an inmate currently in the Menard Correctional Center, filed the instant action while he was housed in the Pinckneyville Correctional Center.  Plaintiff brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff's original complaint, a portion of which is reviewed below, was filed on August 31, 2010, under Case Number 10-cv-689.  That complaint contained many unrelated claims brought against a number of defendants.  On March 1, 2011, this Court informed Plaintiff that it would sever the unrelated claims in his complaint into new suits unless he dismissed those claims.  When Plaintiff failed to dismiss the claims, the Court severed them, which resulted in the instant action being opened before the Court on April 20, 2011.  *See* Doc. 1.

Upon careful review of the complaint and any supporting exhibits, the Court finds that a portion of the claims in this complaint are subject to dismissal.

**Facts:**

At an unspecified time, while Plaintiff was working as a laundry porter, he approached Defendant Chapman, asking for his Sabbath off from work.  Defendant Chapman refused to give Plaintiff this day off, and told him that if he took the day off anyway, he would receive a disciplinary ticket.  Plaintiff later made this same request of Defendant Flag, who also refused the request.

After having his request denied, Plaintiff spit on the wall in frustration, and told the surrounding inmates that "they do have rights in prison."  Defendant Sager witnessed this tantrum, and wrote Plaintiff a disciplinary ticket.  Plaintiff was thereafter sent to a disciplinary hearing, where he was found guilty and sent to segregation.

**Discussion:**

To facilitate the orderly management of future proceedings in this case, and in accordance

with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court finds it appropriate to break the claims in Plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:    Freedom of Religion**

Plaintiff alleges that Defendants Chapman and Flag prohibited his ability to celebrate his Sabbath when they refused to give him the day off from work, thus violating his right to practice his religion of choice. The Seventh Circuit recognized a number of years ago that inmates do not have an inherent right to receive or retain employment while in prison. *Garza v. Miller*, 688 F.2d 480 (7th Cir. 1982), *cert. denied* 459 U.S. 1150 (1983). However, prisoners are not required to perform work that is in conflict with their sincerely held religious beliefs. *See Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009). These religious beliefs do not need to be central to a system of religion, but need only be held in good faith by an inmate in an attempt to exercise his religion. *Id*. (exercise of religion may include practices that may not be compelled by a particular organized religion). *See also Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 834 (1989) (holding that Plaintiff's refusal to work on Sundays based on his Christian beliefs was entitled to protection, even where many Christian denominations do not adhere to the requirement of refusing to work on the Sabbath).

Prison officials have violated an inmate's clearly established right to practice his religion, where his requests for accommodation are denied simply because the accommodations are personal to that inmate, instead of applying to the religious group as a whole. *Vinning-El v. Evans*, 657 F.3d 591, 593 (7th Cir. 2011) (discussing *Frazee*, 489 U.S. at 834). This occurs where a defendant denies

an inmate an accommodation because it differs from the beliefs and practices of the religion's leaders. *Id* at 593-94. Based on the information provided in Plaintiff's complaint, it is not clear why Defendants Chapman and Flag denied Plaintiff's request to refrain from work on his Sabbath. Equally unclear at this point is Plaintiff's motivation for requesting his Sabbath off from work. Only where the request is based on a sincerely held belief on Plaintiff's part that his religion requires him to refrain from work will a violation be found. *Nelson,* 570 F.3d at 878. The Court will allow this claim against Defendants Chapman and Flag to proceed, so that these unclear issues may be resolved.

**COUNT 2:    Disciplinary Ticket**

Plaintiff alleges that Defendant Sager violated his rights to due process when, after Plaintiff spit on the wall, refused to clean it up, then told other inmates that they had rights in prison, Defendant Sager wrote Plaintiff a disciplinary ticket for dangerous disturbance and insolence. Plaintiff claims that the disciplinary ticket falsely stated that he told surrounding inmates that they did not have to listen to the guards.

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty-four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary

hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000).

Plaintiff's due process claim rests on his allegation that the disciplinary ticket misquoted him as saying the inmates did not have to listen to the guards, when he claims that in reality he said that the inmates still have rights in prison. In any event, Plaintiff also states in his complaint that Defendant Sager responded, and the ticket was written, because Plaintiff spit on the wall then refused to follow Defendant Sager's command to clean it up. Plaintiff himself tells the Court that he refused to clean the mess up, thus earning the ticket for insolence. As such, it seems that the ticket was based on evidence which Plaintiff himself does not dispute. Plaintiff does not allege that the disciplinary hearing was in any other way flawed, and his disagreement with the outcome is not enough to render the hearing insufficient. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). As a result, this claim against Defendant Sager does not survive review and is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that the claim in **COUNT 2** against Defendant **SAGER** does not survive review, and thus Defendant **SAGER** is dismissed from this action, with prejudice, as is **COUNT 2.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **CHAPMAN** and **FLAG** (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail

these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  December 12, 2011**

          *s/J. Phil Gilbert*
          **United States District Judge**