IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| WILLIAM O SPIVEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. **3:11-cv-00329-JPG-PMF** |
| LT. CHAPMAN, *et al.*, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

The following fully-briefed motions are before the Court:

1) Plaintiff William O. Spivey's (Doc. 132) motion for summary judgment;

2) Defendants Lt. Chapman and Warden Flag's (Doc. 135) motion for summary judgment; and

3) Plaintiff Spivey's (Docs. 113-115, 119, 143, 149) motions for injunctive relief.

For the following reasons, it is recommended that:

1) Plaintiff William O. Spivey's (Doc. 132) motion for summary judgment be granted, in part, and denied, in part;

2) Defendants Lt. Chapman and Warden Flag's (Doc. 135) motion for summary judgment be denied; and

3) Plaintiff Spivey's (Docs. 113-115, 119, 143, 149) motions for injunctive relief be denied as moot.

## I.  FACTS

The Plaintiff, William O Spivey, is presently an inmate at Menard Correctional Center ("Menard"). Spivey's religion is Reform Judaism. According to Spivey, this religion requires

1

followers of this faith to rest on certain days, which are referred to as "Sabbath" days. Sometime before Spivey was incarcerated at Centralia Correctional Center ("Centralia") in March-May of 2010, the IDOC incorrectly recorded Spivey's faith as Protestant. Spivey had a prison job at Centralia as a laundry porter. Defendant Lt. Chapman was Spivey's direct shift supervisor and responsible for implementing Spivey's work schedule. When Spivey noticed that he was scheduled to work on his Sabbath day, he requested that Lt. Chapman alter his work schedule. Lt. Chapman refused the request and told Spivey that he would be placed in segregation if he took the day off. As Spivey was walking away, Lt. Chapman told Spivey that he needed to update his IDOC record to reflect his correct religion. Sometime later, Spivey made the same request to Defendant Warden (of operations) Flag. Warden Flag told Spivey to "sue the prison."

## II. PROCEDURAL HISTORY

On August 31, 2010, Spivey filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Lt. Chapman, Warden Flag, and Sager, among others. This case was created on April 20, 2011 when it was severed from the original complaint. *See* Docs. 1-2. On December 12, 2012, the Court conducted preliminary review of the complaint pursuant to its authority in 28 U.S.C. § 1915A. *See* Doc. 8. In that order, the Court dismissed one of two counts of the complaint and dismissed Defendant Sager. *See id*. The Court found that Spivey stated a First Amendment (Free Exercise) claim in Count 1 of the complaint against Lt. Chapman and Warden Flag. *See id*.

## III. DISCUSSION

The parties have filed cross-motions for summary judgment. "A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought." FED. R. CIV. P. 56(a). Summary judgment is appropriate

where "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." *Id*. S*ee also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials..." FED. R. CIV. P. 56(c)(1)(A). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396. When considering cross-motions for summary judgment, all inferences are construed in favor of the party against whom the motion under consideration is made. *Rosenbaum v. White*, 692 F.3d 593, 599 (7th Cir. 2012) (citations omitted).

**A. Plaintiff Spivey's (Doc. 132) Motion for Summary Judgment**

Spivey has filed a motion for summary judgment asserting that he is entitled to judgment as a matter of law against the Defendants. He states that he has statutory claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, the Matthew Shepard and James Byrd, Jr., Hate Crimes Prevention Act of 2009 ("the Matthew Shepard Act"), 18 U.S.C. § 249, and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq*. Spivey also insists that has constitutional claims for retaliation and a claim under the Free Exercise Clause of the First Amendment of the U.S. Constitution.

The Defendants do not acknowledge any statutory claim that Spivey may or may not have in this case. When the Court screened the complaint, it did not explicitly state that Spivey

3

had any statutory claims. *See* Doc. 8 at 3 (referring to Count 1 as "Freedom of Religion"). However, the Seventh Circuit has construed § 1983 cases alleging a violation of the Free Exercise Clause to also include a statutory claim under RLUIPA even when a *pro se* plaintiff did not specifically argue that such a violation occurred. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) ("The plaintiff doesn't mention the Act, but he is proceeding *pro se* and in such cases we interpret the free exercise claim to include the statutory claim. *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009)"). In fact, the Seventh Circuit has adopted a policy that "a prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute." *Ortiz*, 561 F.3d at 670. The undersigned has previously indicated that there is a RLUIPA claim in this case. *See* Doc. 87 at 2. The many motions and notices filed by Spivey in this case also mention a RLUIPA claim. Thus, it is unclear why the Defendants did not address this claim in their (Doc. 139) response to Spivey's (Doc. 132) motion for summary judgment.[1]

While the Court does not doubt that there is a statutory RLUIPA claim in this case, the other statutes mentioned as a basis for relief are much more problematic. The Matthew Shepard Act is a hate-crime statute that does not contain a right to bring civil cause of action. *See* 18 U.S.C. § 249. The Illinois Human Rights Act prohibits unlawful discrimination in employment and higher education, as well as in real estate and other financial transactions. *See* 775 ILCS 5/1-101 *et seq*. The Illinois Human Rights Act does not contain a civil cause of action for prisoners.[2]

---

[1] The response does not acknowledge the affidavit filed by Spivey on January 25, 2013. *See* Doc. 138. The Defendants should have been aware of the affidavit, as their (Doc. 141) response was filed over ten days later. The Defendants did not object to the affidavit being filed subsequently to the (Doc. 132) motion for summary judgment.

[2] Nor does the Illinois Human Rights Act implicate a liberty internet protected by the due process clause of the Fourteenth Amendment of the U.S. Constitution. *See Franklin v. City of*

In various filings, Spivey also mentioned he has a claim under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb to 2000bb–4 ("RFRA"). As the Seventh Circuit noted in *Vinning-El v. Evans*, 657 F.3d 591 (7th Cir. 2011), however, the U.S. Supreme Court has found RFRA to be inapplicable to the states through the Fourteenth Amendment. *See Vinning-El*, 657 F.3d at 594 (citing *Boerne v. Flores*, 521 U.S. 507, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997)). Accordingly, the only statutory claim in this case is Spivey's RLUIPA claim.

The Court will address the statutory claim before the constitutional claim because RLUIPA and a free exercise claim may be subject to different legal standards (*see Vinning-El v. Evans*, 657 F.3d 591, 594-95 (7th Cir. 2011)) and the judicial principal of constitutional avoidance (*see Koger v. Bryan*, 523 F.3d 789, 801 (7th Cir. 2008)). The Seventh Circuit has summarized the standard for RLUIPA claims as follows:

> RLUIPA prohibits prisons receiving federal funds from imposing a substantial burden on an inmate's religious exercise unless prison officials can demonstrate "that imposition of the burden on that person (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a)(1)-(2). Unlike cases arising under the Free Exercise Clause of the First Amendment, this prohibition applies even where the burden on the prisoner "results from a rule of general applicability." 42 U.S.C. § 2000cc-1(a); *compare Cutter* [*v. Wilkinson,* 544 U.S. 709, 732, 125 S. Ct. 2113, 2128, 161 L. Ed. 2d 1020 (2005)] (Thomas, J., concurring) (citing 42 U.S.C. § 2000cc-1(a) for the proposition that RLUIPA applies to rules of general applicability), *with Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993) (noting that in the Free Exercise context "a law that is neutral and of general applicability need not be justified by a compelling governmental interest even if the law has the incidental effect of burdening a particular religious practice"). In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion. 42 U.S.C. § 2000cc-2(b). Once the plaintiff establishes this prima facie case, the defendants "bear the burden of persuasion on any [other] element of the claim," *id*., namely

---

*Evanston*, 99 C 8252, 2002 WL 31572137 (N.D. Ill. Nov. 19, 2002) *aff'd*, 384 F.3d 838 (7th Cir. 2004).

whether their practice "is the least restrictive means of furthering a compelling governmental interest." *Lovelace v. Lee*, 472 F.3d 174, 186 (4th Cir. 2006).

*Koger*, 523 F.3d at 796. In support of his motion, Spivey has filed his own affidavit (Doc. 138). The affidavit is rife with legal conclusions and other inappropriate and irrelevant attestations. *See* FED. R. CIV. P. 56(c)(4). (providing that an affidavit or declaration used to support or oppose a motion must be made on personal knowledge and set out facts that would be admissible in evidence). The only testimonial facts that can be gleaned from the affidavit are as follows:

1) Spivey's national origin is ½ Israeli American;
2) Spivey's religion is Reform Judaism (American);
3) Spivey's sexual orientation is homosexual;
4) Spivey's gender is transsexual; and
5) The Defendants refused to allow Spivey to take his Sabbath day off from work.

Doc. 138. Spivey believes this evidence entitles him to summary judgment. *See* Doc. 132.

The Defendants respond by briefly arguing that Spivey failed to meet his initial burden on summary judgment (*see* FED. R. CIV. P. 56(a)). *See* Doc. 139. They did find it appropriate to submit evidence of their own in response to Spivey's motion and affidavit (Doc. 138). Therefore, the above facts of the (Doc. 138) affidavit are effectively undisputed. The Defendants' only argument is that Spivey is not entitled to summary judgment on his free exercise claim.

Spivey's undisputed affidavit (Doc. 138) establishes that he sought to engage in the exercise of his religion by not working on his Sabbath day. *See* Doc. 138. It is also undisputed that the Defendants refused to allow Spivey to take his Sabbath day off from work. *See id*. The Court has no reason to doubt that that Spivey's beliefs are sincerely held. Nor is there any reason to doubt that performing work conflicting with sincerely held beliefs constitutes a

substantial burden to the exercise of Spivey's religion. *See* Doc. 8 at 3 (citing *Nelson v. Miller*, 570 F.3d 868, 878 (7th Cir. 2009); *Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 834 (1989) (holding that Plaintiff's refusal to work on Sundays based on his Christian beliefs was entitled to protection, even where many Christian denominations do not adhere to the requirement of refusing to work on the Sabbath)). Accordingly, Spivey has established his prima facie RLUIPA case. Because the Defendants have not come forward with evidence that their practice "is the least restrictive means of furthering a compelling governmental interest" (*Koger*, 523 F.3d at 796), Spivey is entitled to summary judgment on this claim. Accordingly, Spivey's (Doc. 132) motion for summary judgment should be granted as to the RLUIPA claim.

While Spivey is entitled to summary judgment on his RLUIPA claim, it should be noted that this Circuit has ruled that RLUIPA does not create a cause of action against state employees in their personal capacity for damages. *See Grayson*, 666 F.3d at 451 (citing *Nelson v. Miller*, 570 F.3d 868, 886–89 (7th Cir. 2009)). Spivey can maintain a cause of action under RLUIPA for injunctive relief against the Defendants in their official capacity. *See id*. However, any motion for permanent injunctive relief filed by Spivey based on his RLUIPA claim would likely be moot because Spivey is no longer incarcerated at Centralia, where the incident in this case occurred and where the Defendants reportedly were employed. *See* PART III.C.

Next, the Court will consider Spivey's constitutional claims. When the Court screened the complaint on December 12, 2012, it determined that this case raises issues related to the free exercise of Spivey's religion. *See* Doc. 8 at 3-4. Both parties agree that there is a claim arising out of the Free Exercise Clause of the First Amendment in this case. Spivey also seems to believe that he has claim in this case regarding unlawful discrimination or retaliation with regard to his sexual orientation or gender. *See* Doc. 132, 138. However, nothing in the (Doc. 8)

threshold order indicates that such a claim exists, and the Court will not now find such a claim. The sole constitutional claim in this case is claim for a violation of Spivey's First Amendment rights regarding the free exercise of his religion. *See* Docs. 1-2, 8.

The Free Exercise Clause of the First Amendment protects a person's sincerely-held religious beliefs from arbitrary discrimination by the government. *See Vinning-El*, 657 F.3d at 593-94 (stating that "[s]incere religious beliefs must be accommodated (at least when failure to accommodate a particular belief would amount to discrimination against one sect, or a personal faith) …." and citing *Thomas v. Review Board*, 450 U.S. 707, 713, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981); *United States v. Seeger*, 380 U.S. 163, 185, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965); *Kaufman v. McCaughtry*, 419 F.3d 678, 681 (7th Cir.2005); *Fifth Avenue Presbyterian Church v. New York City*, 293 F.3d 570, 574 (2d Cir. 2002)). As noted in the prior RLUIPA discussion, the Court has no reason to believe Spivey's beliefs were not sincerely held or that Spivey's ability to practice his religion was substantially burdened by the Defendants' denial of his request to refrain from work on his Sabbath. On threshold review, the Court allowed Spivey to proceed on his First Amendment claim because it was not clear why the Defendants denied Spivey's request to refrain from work on his Sabbath. *See* Doc. 8 at 4. Because the Defendant's did not respond to Spivey's (Doc. 132) motion for summary judgment with evidence, this issue remains unresolved. The Court cannot speculate as to why the Defendants denied Spivey's request to refrain from work on his Sabbath. Their reason may be wholly justifiable. On the hand, their reason may have been completely arbitrary.

Despite the curious lack of evidence submitted in support of their request to deny Spivey's (Doc. 132) motion for summary judgment, the Defendants are correct that Spivey is not entitled to summary judgment on the First Amendment claim. Spivey carries the burden of

persuasion in proving that the Defendants acted with a discriminatory or arbitrary purpose. *See* FED. R. CIV. P. 56(a). In his affidavit, Spivey testified that he believed the Defendants' motivations were pretextual and discriminatory. *See* Doc. 138. However, "'Rule 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing the existence of the truth of the matter asserted.'" *Davis v. City of Chicago*, 841 F.2d 186, 189 (7th Cir. 1988) (quoting *Hadley v. County of Du Page*, 715 F.2d 1238, 1243 (7th Cir. 1983) and declining to consider a conclusory statement contained in an affidavit at the summary judgment stage). *See also* FED. R. CIV. P. 56(c)(4). In conclusion, there is a absence of admissible evidence regarding the Defendants' motivations for denying Spivey's request to refrain from work on his Sabbath. Thus, Spivey's (Doc. 132) motion for summary judgment should be denied as to the First Amendment claim.

### B. Defendant Chapman and Flag's (Doc. 135) Motion for Summary Judgment

The Defendants have filed a cross-motion for (partial) summary judgment on Spivey's First Amendment claim.[3] *See* Doc. 135. In support of their position, the Defendants have filed evidence in the form of Spivey's deposition transcript. *See* Doc. 136-1. They submit the transcript as proof that Defendant Chapman advised Spivey to change his religious affiliation with the IDOC. *See* Doc. 36 at 2 ¶ 3. Like their (Doc. 141) response to Spivey's motion for summary judgment, the Defendants do not dispute whether Spivey's beliefs were sincerely held. Instead, the Defendants then cite to caselaw concerning the reasonable relationship of a regulation restricting an inmate's constitutional rights to legitimate penological interests. *See id.* at 3. (citing, *inter alia*, *Turner v. Safley,* 482 U.S. 78, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Next, the Defendants cite the IDOC regulations concerning relief from work assignments. *See id.*

---

[3] The movants did not argue that they are entitled to summary judgment on the RLUIPA claim.

at 4.  Finally, the Defendants argue that Spivey was registered in IDOC records as a Protestant so Defendant Chapman properly advised him that he needed to change his registration pursuant to 20 Ill. Admin. Code §425.30. *See id*. at 4-5.  Because Spivey did not follow the procedure for religious accommodations and the restriction was reasonably related to a legitimate penological interest (the allocation of prison resources), the Defendants argue they are entitled to summary judgment.  They also claim that they are entitled to summary judgment on qualified immunity grounds.  However, neither argument is persuasive because critical evidence necessary to adjudication of this case in their favor is absent.

While it is true that Spivey testified in his deposition that Defendant Lt. Chapman told him that he would need to change his religious affiliation record with the IDOC in order to receive a religion-based accommodation, it is not clear from the evidence in the record whether the Defendants were relying upon the regulations in question in making their decisions. *See* PART III.A.  Much of the allegations in the complaint in this case are dedicated to Spivey's belief that the Defendants were acting with a discriminatory pretext. *See* Doc. 3.  Spivey has attempted to support these allegations with his own testimony. *See* Doc. 138 ("When I asked both Defendants Terry Chapman and Julius Flagg for my Sabbath off of work, they blatantly denied me 1) because I'm ½ Israeli American, 2) for having the religion of Reform Judaism (American), and 3) for being homosexual, and a transsexual…").  While this evidence is likely inadmissible because it reflects only Spivey's subjective belief as to the Defendants' state of mind (*see* PART III.A), no evidence was filed on the record to contradict it.  Without testimonial evidence from the Defendants indicating what their motivations were for refusing Spivey's request, Lt. Chapman cannot meet his burden at summary judgment with regard to his position that he was relying on the prison regulations as the basis for his decision.  This fact is effectively disputed.

As for Defendant Warden Flag, there is no evidence in the record concerning his personal motivations for telling Spivey to "sue the prison" after being confronted with Spivey's request. In this situation, granting summary judgment for the Defendants on the merits of the First Amendment claim would be inappropriate. *See* FED. R. CIV. P. 56(a).

Additionally, it is not entirely clear as to why the Defendants believe that Spivey filed this case to facially challenge the validity of specific IDOC regulations. Such a challenge is not mentioned in the complaint or anywhere else. *See* Docs. 3, 8, 132. Instead, it appears that Spivey is alleging intentional religious discrimination by the Defendants in denying Spivey's request to refrain from work on his Sabbath. Such conduct, if proven, is unconstitutional under the Free Exercise Clause of the First Amendment. *See Grayson*, 666 F.3d at 452-53, 455 (citations omitted).

Moving on, the Defendants only briefly touch upon an argument that they are entitled to qualified immunity. *See* Doc. 136 at 5-6. Qualified immunity "protects public employees who make reasonable errors in applying even clearly established law." *Vinning-El*, 657 F.3d at 594 (citing *Malley v. Briggs*, 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986) (qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"); *Ashcroft v. al-Kidd*, ⎯⎯ U.S. ⎯⎯, 131 S.Ct. 2074, 2085, 179 L.Ed.2d 1149 (2011) (reiterating this conclusion)). The qualified immunity analysis is two-prong inquiry. *See Lewis v. Downey*, 581 F.3d 467, 478 (7th Cir. 2009) (citations omitted). With regard to the first prong, Spivey will need to demonstrate that the defendants conduct violated his constitutional rights. *See id*. The Court has concluded that issues of fact remain as to the merits of the First Amendment claim. Thus, the Court will proceed to the second prong, which is a question of law. *See id*.

11

The second prong of the qualified immunity argument asks whether the violated right was clearly established in particularized sense at the time of the alleged misconduct. *See id*. The complete question is "whether, operating under the state of the law as it existed at the time of relevant events, a reasonable officer would have known that the particular action at issue was unlawful." *See id*. at 479 (citing *Juriss v. McGowan*, 957 F.2d 345, 350 (7th Cir.1992); *Hope v. Pelzer*, 536 U.S. 730, 739, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (stating that the contours of a constitutional right "must be sufficiently clear that a reasonable official would understand that what he is doing violates that right" (quotations omitted)); *Hill*, 992 F.2d at 718). Without citing any authority, the Defendants claim that "if they were to be held liable on the facts alleged, it would constitute a heightened standard for what makes the claims against them." *See* Doc. 136 at 5-6. The Court does not doubt that the Defendants would be entitled to immunity if they reasonably believed that Spivey was merely making requests clouded by religious cover in order to cause problems for the prison. *See Vinning-El*, at 594 ("A prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than … a prisoner's desire to make a pest of himself and cause trouble for his captors."). As already discussed, the Defendants have not presented any evidence challenging the sincerity of Spivey's beliefs in this case. With regard to the facts as they are construed for purposes of the Defendant's (Doc. 135) motion for summary judgment, there is at least some question as to whether the Defendants acted with a discriminatory pretext in denying Spivey's request to refrain from work on his Sabbath. *See* Doc. 138. In this situation, qualified immunity is not available because a reasonable officer would have known that intentional, arbitrary discrimination violated Spivey's clearly-established right to freely exercise his religion. *See Grayson*, 666 F.3d at 453 (providing that "outright arbitrary discrimination" is prohibited by the Free Exercise Clause of the First Amendment).

**C. Plaintiff Spivey's (Docs. 113-115, 119, 143, 149) Motions for Injunctive Relief**

Spivey has filed six motions for injunctive relief. The topics of these motions are: alleged interference with Spivey's jury trial (Docs. 113, 143), alleged interference with mail related to this case (Docs. 115, 119), a request related to another lawsuit (Doc. 149), and an evidentiary objection (Doc. 114). All of the requests for injunctive relief share one common characteristic in that Spivey seems to be under the impression that the Court can freely issue injunctions on anyone and for anything just by virtue of having a case pending in federal Court. He is gravely mistaken. Injunctive relief is an extraordinary and drastic remedy, and it is only available to bar the Defendants *in this case* from prospectively violating federal law as to the remaining claims *in this case*. *See Davis v. Bedinger*, No. 10-CV-1007-MJR-SCW, 2013 WL 141719 (S.D. Ill. Jan. 11, 2013) (collecting authority from the U.S. Supreme Court and Seventh Circuit Court of Appeals). Accordingly, the Court cannot enjoin persons that are not defendants in this case, as Spivey requests, with an injunction. His (Docs. 113, 115, 119, 143, 149) motions will, therefore, be denied as moot. To the extent that Spivey requests an injunction for an evidentiary objection in the (Doc. 114) motion for a restraining order, the request is also denied as moot. The proper method of raising this evidentiary issue would be to file a motion *in limine* if and when the Court request that such motions be filed.

The more appropriate course for Spivey to follow with respect to most of the issues he brings in his injunction requests is to attempt to resolve the issue at the institutional level. If that does not work out, Spivey may attempt to bring a new case alleging a violation federal law by the persons he seeks to enjoin in his injunction requests and file a motion for an injunction in that case. The scope of this case is limited to Defendant Chapman and Flag's denial of Spivey's request to refrain from work on his Sabbath. The events in this case transpired at Centralia,

where Spivey was formerly incarcerated and the Defendants were employed. Spivey has since been moved to another correctional facility. Enjoining the Defendants in this case for violations of federal law occurring somewhere where they have no authority to carry out the ordered relief would be a pointless exercise. Therefore, any request for injunctive relief in this case will most likely be found to be moot.

## IV.  RECOMMENDATION

For the forgoing reasons, it is recommended that:

1) Plaintiff William O. Spivey's (Doc. 132) motion for summary judgment be granted, in part, and denied, in part;

2) Defendant Lt. Chapman and Warden Flag's (Doc. 135) motion for summary judgment be denied; and

3) Plaintiff Spivey's (Docs. 113-115, 119, 143, 149) motions for injunctive relief be denied as moot.

It is further recommended that judgment be entered in favor of Plaintiff William O. Spivey and against Defendants Lt. Chapman and Warden Flag on the Religious Land Use and Institutionalized Persons Act claim at the conclusion of this case. If this recommendation is adopted in its entirety, this case will proceed to trial on the First Amendment (Free Exercise Clause) claim.

SO RECOMMENDED.

DATED: March 21, 2013.

s/ Philip M. Frazier
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE