IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WILLIAM O. SPIVEY,

Plaintiff,

vs.

LT. CHAPMAN, WARDEN FLAG, and SAGER,

Defendants.

Case No. 11-cv-329-JPG-PMF

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("R & R") (Doc. 150) of Magistrate Judge Philip M. Frazier recommending this Court (1) grant in part and deny in part plaintiff William O. Spivey's motion for summary judgment (Doc. 132); (2) deny defendants Lt. Chapman and Warden Flag's (collectively "Defendants") motion for summary judgment (Doc. 135); and (3) deny as moot Spivey's motions for injunctive relief (Docs. 113-115, 119, 143, 149). Defendants filed an objection to the R & R (Doc. 152) to which Spivey responded (Doc. 155). For the following reasons, the Court adopts in part and rejects in part the R & R.

**1. Alleged Facts**

Spivey, currently an inmate at Menard Correctional Center ("Menard"), identifies his religion as Reform Judaism. His religion requires that he rest on Shabbat, his religion's Sabbath, which lasts from Friday to Saturday. The Illinois Department of Corrections' ("IDOC") records incorrectly list Spivey's religious affiliation as Protestant. Spivey was incarcerated at Centralia Correctional Center ("Centralia") from March 11, 2010, to February 16, 2011. While incarcerated at Centralia, Spivey worked as a laundry porter and was scheduled to work on

Friday and Saturday. Spivey asked Chapman, his supervisor with authority over Spivey's work schedule, to change his schedule so that he could rest on his Sabbath. Chapman refused to alter Spivey's work schedule and told Spivey to update his religious affiliation in his prison records.[1] Spivey then told Flag that his religion was Reform Judaism and asked that Flag adjust his schedule so he could rest on his Sabbath. Flag told Spivey to "sue the prison." Upset that his request was denied, Spivey spit on the wall. As a result, Sager wrote Spivey a disciplinary ticket. He was found guilty and sent to segregation.

Spivey originally filed his complaint pursuant to 42 U.S.C. § 1983 on August 31, 2010, under case number 10-cv-689-JPG, listing unrelated causes of action against multiple defendants. The Court severed the unrelated claims, and this case is one of those severed claims. In its referral order, this Court divided Spivey's case into two counts as follows: (1) Count One was his freedom of religion claims against Defendants; and (2) Count Two was his claims related to the disciplinary ticket against Sager. The Court found that Count Two did not survive threshold review and dismissed that count and Sager from the case. Spivey's freedom of religion claims stated in Count One remain pending against Defendants.

The parties filed cross motions for summary judgment and Spivey filed several motions for injunctive relief. Judge Frazier took up these motions in the instant R & R. Specifically, the R & R recommends this Court grant Spivey's motion for summary judgment with respect to his Religious Land Use and Institutionalized Persons Act ("RLUIPA") claim and deny his motion for summary judgment with respect to his First Amendment free exercise claims.[2] The R & R

---

[1] Spivey has another case before this Court in which he complains about his difficulties in requesting IDOC change his religious affiliation from Protestant to Reform Judaism. *See Spivey v. Chaplain Love*, Case Number 11-cv-327-JPG-PMF.

[2] In his motion for summary judgment, Spivey lists multiple causes of actions to which he believes he is entitled to summary judgment. The threshold review order found only that Spivey's freedom of religion claims survived. Accordingly, the Court need not address Spivey's additional arguments in this order.

further recommends the Court deny Defendants' motion for summary judgment in its entirety and deny all six of Spivey's motions for injunctive relief. The Court will consider each recommendation and the relevant objections from Defendants in turn.

**2. R & R Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

Ordinarily, arguments raised for the first time in an objection to a report and recommendation are waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 849 (7th Cir. 1999). "Failure to raise arguments will often mean that facts relevant to their resolution will not have been developed; one of the parties may be prejudiced by the untimely introduction of an argument . . . . Additionally, a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040. The Court will first consider the R & R with respect to the parties' cross motions for summary judgment.

**3. The Parties' Motions for Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.

R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396. Where the moving party fails to meet its strict burden of proof, a court cannot enter summary judgment for the moving party even if the opposing party fails to present relevant evidence in response to the motion. *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992).

Where the nonmovant bears the burden of persuasion, "the movant's initial burden 'may be discharged by 'showing' – that is, point out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Modrowski v. Pigatto*, No. 11-1327, 2013 WL 1395696, at *2 (7th Cir. Apr. 8, 2013) (citing *Celotex*, 477 U.S. at 325). In such a case, the movant need not "support its motion with affidavits or other similar materials *negating* the opponent's claim." *Modrowski*, 2013 WL 1395696, at *2 (citing *Celotex*, 477 U.S. at 323).

In responding to a summary judgment motion, the nonmoving party may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e)(2); *Celotex*, 477 U.S. at 322-26; *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson,* 477 U.S. at 252.

**a. Spivey's Motion for Summary Judgment**

In his motion for summary judgment filed January 8, 2013, Spivey basically recounts the facts in his complaint. He states that Chapman failed to give him days off so he could rest on his Sabbath. He also recounts an event in which he told Flag his religion was Reform Judaism and Flag told Spivey "to sue them." Doc. 132, p. 1. In his affidavit, dated January 22, 2013, and filed January 25, 2013, Spivey attests that Defendants refused to alter his work schedule so he could rest on his Sabbath. Doc. 11-329, p. 2. Spivey maintains that Defendants denied his request for time off to observe his Sabbath "because they are both racist toward Jews." Doc. 132, p. 1. In his affidavit, Spivey similarly asserts that Defendants denied his request because of his religious beliefs. Doc. 138, p. 2.

Defendants' response to Spivey's motion for summary judgment, in pertinent part, is as follows:

> Plaintiff claims that Defendants violated his rights under Federal and State laws when they ignored his requests to not have to work on his Sabbath day. . . . Plaintiff makes no citations to the record which support his Motion. He has not presented any Undisputed Material Facts which make clear that he is entitled to judgment in his favor. Plaintiff merely reiterates the statements made in his Complaint. He does not support his request for summary judgment with any undisputed facts which would entitle him to summary judgment. For this reason, Plaintiff's Motion for Summary Judgment should be denied.

Doc. 141, pp. 1-2. This is the extent of Defendants' argument in their response. Defendants do not dispute Spivey's affidavit or attach any supporting evidence that would indicate the reason they declined to give Spivey time off work to rest on his Sabbath.

**i. Spivey's "Affidavit"**

As an initial matter, the Court declines to disregard Spivey's "affidavit." For the first time in their objection to the R & R, Defendants complain that Spivey's "affidavit" should be disregarded because it was filed after the dispositive motion deadline. First, the Court notes

Spivey is *pro se*. *McCormick v. City of Chi*., 230 F.3d 319, 325 (7th Cir. 2000) (courts must liberally construe *pro se* filings). Further, district courts have discretion to consider untimely motions for summary judgment. *See Jones v. Coleman Co.*, 39 F.3d 749, 753-54 (7th Cir. 1994). Spivey filed his original motion for summary judgment before the dispositive motion deadline of January 21, 2013. His supplementing affidavit is dated January 22, 2013, only one day after the dispositive motion deadline. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (a prisoner "files" a document when he turns it over to a prison official to be sent to the Court). The affidavit was filed on January 25, 2013, eleven days before Defendants filed their motion for summary judgment. The factual statements in the affidavit should not have caught Defendants off guard resulting in any prejudice because the affidavit contains the same statements Spivey has made in his filings throughout this case. The Court also notes that Defendants do not even acknowledge, let alone object, to Spivey's affidavit in their response to his motion for summary judgment. Thus, their argument is now waived. Finally, Defendants correctly point out that Spivey's affidavit is actually a declaration because he did not swear to its content before someone authorized to administer oaths. However, "a declaration under § 1746 is equivalent to an affidavit for purposes of summary judgment." *Owens v. Hinsley*, 635 F.3d 950, 954-55 (7th Cir. 2011). Accordingly, the Court will consider Spivey's affidavit in the following analysis.

**ii. RLUIPA Claim**

The R & R recommends that Spivey's motion for summary judgment be granted on his RLUIPA claim. RLUIPA prohibits a prison from

> imposing a substantial burden on the religious exercise of a person residing in or confined to an institution . . ., even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a). The statute provides that a claimant may receive "appropriate relief." 42 U.S.C. § 2000cc-2(a). Sovereign immunity, however, prohibits RLUIPA suits against state officials in their official capacities for money damages. *Sossamon v. Texas*, 131 S. Ct. 1651, 1658-59 (2011); *Maddox v. Love*, 655 F.3d 709, 717 (7th Cir. 2011). The Seventh Circuit has further held that "RLUIPA does not allow for suits against prison official in their individual capacities." *Id*. Ultimately, prisoners may "enforce the statute through injunctive or declaratory relief." *Charles v. Verhagen*, 348 F.3d 601, 606 (7th Cir. 2003).

Defendants' objection contends the R & R was erroneous, arguing Spivey's RLUIPA claim did not survive threshold review. Defendants further raise new arguments that Spivey is not entitled to summary judgment on his RLUIPA claim. With respect to their newly raised arguments, the Defendants waived those arguments for failing to raise them in their response to Spivey's motion for summary judgment. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) (arguments not made before a magistrate judge are normally waived).

The Court finds that Spivey's claim still contains an RLUIPA claim. Defendants' claim to the contrary is implausible for several reasons. First, Defendants have no basis for assuming the RLUIPA claim did not survive threshold review. The case law is clear that *pro se* prisoner free exercise actions include a claim under RLUIPA even if the prisoner does not specifically invoke RLUIPA in his complaint. *See Grayson v. Schuler*, 666 F.3d 450, 451 (7th Cir. 2012) (noting plaintiff did not mention RLUIPA, "but he is proceeding *pro se* and in such cases we interpret the free exercise claim to include the statutory claim"); *Ortiz v. Downey*, 561 F.3d 664, 670 (7th Cir. 2009) (a prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute). The Court indicates in its threshold order if a claim does not survive, as it did, for example, when it

explained why Spivey's due process claim did not survive. Nowhere in its threshold review did the Court dismiss Spivey's RLUIPA claim. Most notably, in his R & R dated September 14, 2012, Judge Frazier indicated "[t]he Court found Spivey stated a First Amendment (Free Exercise Clause)/[RLUIPA] claim in Count [One]." Doc. 87, p. 2. Thus, the Defendants have had notice that an RLUIPA claim exists in this case and have failed to object to its inclusion. Accordingly, the Court will address the RLUIPA claim.

Regardless of whether Spivey has carried his burden, the Court must deny Spivey's motion for summary judgment on his RLUIPA claim. This Court's jurisdiction is limited to "actual, ongoing controversies." U.S. Const. art. III, § 2. "'[W]hen the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome,' the case is (or the claims are) moot and must be dismissed for lack of jurisdiction." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 626 (7th Cir. 2007). Any prisoner claim for injunctive relief against a prison is moot upon the prisoner's transfer to another prison "unless 'he can demonstrate that he is likely to be retransferred.'" *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996) (quoting *Moore v. Thieret*, 862 F.2d 148, 150 (7th Cir. 1988)). Further, the "capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subject to the alleged illegality." *City of L.A. v. Lyons*, 461 U.S. 95, 109 (1983).

Here, Spivey may not recover money damages under RLUIPA and thus he is limited to injunctive or declaratory relief. However, the alleged constitutional violation took place while Spivey was incarcerated in Centralia. He has since been transferred to Menard. He has made no suggestion that he is likely to be retransferred to Centralia and again be subject to constitutional violations. Thus, Spivey's RLUIPA claim is now moot because he is no longer incarcerated in

the prison in which the alleged constitutional violation arose. Accordingly, the Court rejects this portion of the R & R and dismisses Spivey's RLUIPA claim. The Court will now turn to Spivey's motion for summary judgment with respect to his First Amendment free exercise claim.

### iii. First Amendment Free Exercise Claim

Spivey asserts he is entitled to judgment as a matter of law on his First Amendment free exercise claim for the same reasons he is entitled to judgment as a matter of law on his RLUIPA claim. The R & R recommends this Court deny Spivey's motion for summary judgment because of the lack of admissible evidence regarding the Defendants' motivation for denying his requests to refrain from work on his Sabbath. The Court has not received an objection to this portion of the R & R. As such, the Court has reviewed this portion of the R & R and finds that it is not clearly erroneous. Accordingly, the Court adopts the R & R to that extent and denies Spivey's motion for summary judgment with respect to his First Amendment free exercise claim. The Court will now consider Defendants' motion for summary judgment on Spivey's First Amendment free exercise claim.

### b. Defendants' Motion for Summary Judgment

Defendants argue they are entitled to summary judgment on Spivey's First Amendment free exercise claim because the refusal to give Spivey the day off for his Sabbath was rationally related to a legitimate penological interest. Specifically, they point out that Spivey's IDOC records did not indicate his religious affiliation as Jewish, and he was not entitled to accommodations based on his faith until he complied with the requirements in 10 Ill. Admin. Code § 425.30 to change his religious affiliation. Defendants also argue they are entitled to qualified immunity because "the facts alleged do not give rise to a Constitutional violation" and "if they were to be held liable on the facts alleged, it would constitute a heightened standard for

what makes the claims against them." Doc. 136, pp. 6-7. Spivey's response indicated that IDOC incorrectly recorded his religion as "Protestant," and IDOC improperly refused to change his religion as explained in another case he is litigating. *See Spivey v. Chaplain Love,* 11-cv-327-JPG-PMF.

The R & R recommends the Court deny the Defendants' motion for summary judgment. Specifically, the R & R points out Defendants failed to contradict Spivey's allegations that they acted discriminatorily in denying his request to refrain from work on his Sabbath, and it is not evident from the record that Defendants were relying on the regulations in their decision to deny Spivey's request. Indeed, there is not even an affidavit from which a court could conclude Defendants relied on the regulations, rather than a discriminatory motive, when they denied Spivey's request for days off and told him to change his religion on his records. Finally, Judge Frazier recommended this Court deny summary judgment on Defendants' qualified immunity argument. He noted there is "at least some question as to whether Defendants acted with a discriminatory pretext." Doc. 150, p. 12. In such a situation, "qualified immunity is not available because a reasonable officer would have known that intentional, arbitrary discrimination violated Spivey's clearly-established right to freely exercise his religion." *Id*. Because Defendants filed an objection, the Court will review this portion of the R & R *de novo*.

The First Amendment of the United States Constitution provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." Prisoners undoubtedly enjoy freedom of religion as guaranteed by the First Amendment free exercise clause and applied to the states pursuant to the Fourteenth Amendment. *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Vinning-El v. Evans*, 657 F.3d 591, 592 (7th Cir. 2011). However, "'[l]awful incarceration brings about the necessary withdrawal or limitation of

many privileges and rights, a retraction justified by the considerations underlying our penal system.'" *O'Lone*, 482 U.S. at 348 (quoting *Price v. Johnston*, 334 U.S. 266, 285 (1948)); *Vinning-El*, 657 F.3d at 592-93. As such, a prison may place restrictions on an inmate's freedom of religion rights "if they are reasonably related to legitimate penological objectives." *Vinning-El*, 657 F.3d at 592-93 (citing *Turner v. Safley*, 482 U.S. 78, 89-91 (1987)). At the same time, "[p]risons may not discriminate against a particular religion." *Al-Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir. 1991) (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).

As noted, Defendants argue they are entitled to summary judgment because the IDOC regulation at issue is rationally related to a legitimate penological interest. Spivey, however, does not seem to contest the validity of the IDOC regulations. He asserts that Defendants refused to give him days off on his Sabbath for discriminatory reasons. Defendants may very well have had a non-discriminatory intent and may have relied on the regulations when declining to give Spivey the day off work; however, the Court cannot speculate as to those reasons. Without supporting evidence establishing Defendants' reasons for denying Spivey's request, Defendants' motion for summary judgment must fail.

Defendants finally argue they are entitled to qualified immunity. The qualified immunity inquiry includes two questions: "first whether the plaintiff has a good constitutional claim, and second whether the right in question was 'clearly established' before the contested events." *Vinning-El*, 657 F.3d at 592. Under the second prong, the Court must inquire as to whether "a reasonable officer would have known that the particular action at issue . . . was unlawful." *Lewis v. Downey*, 581 F.3d 467, 479 (7th Cir. 2009). A court may undertake to resolve either or both of these questions at its discretion. *Id*. (citing *Pearson v. Callahan*, 555 U.S. 223, 233-42 (2009)).

On the facts alleged, that Defendants used a discriminatory reason for denying Spivey's requests for his Sabbath off from work, Spivey has stated a "good constitutional claim." Further, it is clearly established that forcing an individual to work on their Sabbath absent a compelling governmental interest, such as a legitimate penological objective, substantially burdens the free exercise of religion. *See Frazee v. Ill. Dep't of Emp't Sec.*, 489 U.S. 829, 834 (1989). Accordingly, a reasonable officer would have known that denying Spivey days off work to rest on his Sabbath solely for discriminatory reasons was unlawful. As such, Defendants are not entitled to judgment as a matter of law on qualified immunity. Thus, the Court adopts the R & R to the extent it recommends denying Defendants' motion for summary judgment and denies Defendants' motion for summary judgment in its entirety.

**4. Spivey's Motions for Injunctive Relief**

Spivey had pending six motions for injunctive relief at the time the R & R was entered (Docs. 113-15, 119, 143 & 149). The R & R recommends this Court deny all six of these motions. The Court has received no objection to this recommendation. As such, the Court has reviewed the R & R and finds that it is not clearly erroneous. Accordingly, the Court adopts the R & R in this respect and denies Spivey's motions for injunctive relief (Docs. 113-15, 119, 143 & 149).

Subsequent to the entry of the R & R, Spivey filed another motion for injunctive relief (Doc. 154). However, the Court dismissed Spivey's RLUIPA claim, did not grant Spivey's motion for summary judgment on his First Amendment free exercise claim, and is no longer incarcerated at the institution in which this alleged constitutional violation occurred. He has not alleged, nor does the Court have reason to believe, that Spivey will be retransferred to Centralia

and suffer the same constitutional violation. For these reasons, the Court denies Spivey's motion for permanent injunction (Doc. 154) at this time.

**5. Conclusion**

For the foregoing reasons, the Court

- **ADOPTS** the R & R in part and **REJECTS** the R & R in part (Doc. 150);
- **DENIES** Spivey's motion for summary judgment (Doc. 132) in its entirety;
- **ORDERS** Spivey to show cause on or before June 7, 2013, why this Court should not dismiss his RLUIPA claim against Defendants for lack of jurisdiction;
- **DENIES** Defendants' motion for summary judgment (Doc. 135) in its entirety;
- **DENIES** Spivey's motions for injunctive relief (Docs. 113-15, 119, 143, 149 & 154);
- **DENIES** Spivey's motion for status (Doc. 157) as moot;
- **RECONSIDERS** *sua sponte* Spivey's motion for appointment of counsel (Doc. 57) and will attempt to recruit counsel for Spivey for the purposes of trial.

Spivey's RLUIPA and First Amendment free exercise claims remain pending against Defendants.

**IT IS SO ORDERED.**

**DATED:** May 10, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**